UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE,

                    Plaintiff,

        v.

UNITED STATES OF AMERICA, GINA PEREZ,

                    Defendants.

CASE NO. 2:21-cv-00876-RAJ-BAT

**REPORT AND RECOMMENDATION**

Defendant United States of America moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's "Complaint for Tort – Libel and Slander" (Dkt. 1-1), for lack of subject matter jurisdiction. Dkt. 12. Plaintiff was provided a copy of the motion and supporting materials (*see* Dkt. 15, Declaration of Matt Waldrop at 1 and Ex. A), but to date, has filed no response to the motion. Plaintiff's failure to file an opposition to the motion "may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(b)(2).

The undersigned recommends that Defendant United States' motion to dismiss be GRANTED and all claims against it be dismissed with prejudice, without leave to amend.

BACKGROUND

A.    Procedural History

Plaintiff filed his lawsuit against Defendant Gina Perez on March 3, 2021 in the Superior Court for the State of Washington, King County, Case No. 21-2-02912-1. Dkt. 1-1. On May 31, 2019, Ms. Perez, proceeding pro se, moved to dismiss the complaint. *Id.*

On June 29, 2021, the United States filed a notice of removal pursuant to 28 U.S.C. § 1442. Dkt. 1. The United States also filed a Notice of Partial Substitution pursuant to 28 U.S.C. § 2679(d)(2), substituting the United States as the party defendant as to Plaintiff's defamation claim sounding in tort arising during his employment with the Federal Aviation Administration ("FAA"), as set forth in 28 U.S.C. § 2679(b), in place of and instead of Defendant Perez. Dkt. 2.

Pursuant to 28 U.S.C. § 2679, commonly known as the Westfall Act, the United States shall be substituted for Defendant Perez with respect to those claims, or portions of claims, that concern Defendant Perez's actions as an employee of the FAA. According to the Certification of Tessa M. Gorman, Acting United States Attorney, Western District of Washington, Gina Perez was an employee of the FAA and was acting within the scope of her employment at all times relevant to certain of Plaintiff's claims for libel and slander. Dkt. 2, Ex. A.

Accordingly, Plaintiff's allegations for libel and slander arising from statements made while Defendant Perez was acting in the scope of her employment with the FAA "shall be deemed [as] against the United States," and "the United States shall be substituted as the party defendant" for Defendant Perez as to those causes of action. See 28 U.S.C. § 2679(d)(1). *See Green v. Haul*, 8 F.3d 695, 698 (9th Cir. 1993) (holding that a scope certification made under 28 U.S.C. § 2679 is conclusive unless challenged); *see also Meridian Intern. Logistics, Inc. v. United States*, 39 F.2d 740, 743-44 (9th Cir. 1991) (holding that once certification is given in a civil action, the substitution of the United States as a defendant is mandated).

Pursuant to 28 U.S.C. § 2679(d)(4), as to claims for which partial substitution has occurred, this action shall proceed in the same manner as any action brought against the United States under the authority of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and shall be subject to the limitations and exceptions applicable to those actions.

B.    <u>Plaintiff's Allegations</u>

Plaintiff Daniel Rhine was employed by the FAA from 2010 – 2019. Dkt. 1-1 Sec. III, ¶ 1. During a portion of this time he was in a relationship with another FAA employee, Defendant Gina Perez, which ended in 2014. *Id*. at ¶ 2. Beginning in 2016, Defendant Perez began reporting Plaintiff's workplace behavior to the FAA, including making a statement that Plaintiff was a physical threat, which he denied. *Id*. at ¶¶ 10. In 2019, Defendant Perez reported to FAA security personnel that Plaintiff remained a physical threat. *Id*. at ¶ 11. Based on this reporting, the agency began an investigation into Plaintiff's workplace activities. *Id*. at ¶ 12. Plaintiff avers that these communications between Defendant Perez and the FAA continued through the termination of his employment on November 27, 2019. *Id*. at ¶¶ 13-17.[1]

Plaintiff alleges that these actions by Defendant Perez constituted libel and slander under RCW § 4.36.120. *Id*. at Sec. IV, (1)-(2). Plaintiff seeks monetary damages for past and future medical expenses, past and future personal injuries and/or physical impairment, past and future loss of life and/or diminished quality of life, loss of employment, loss of earnings and benefits, loss of business, emotional distress, and diminished earning capacity. *Id*.

DISCUSSION

A.    <u>Rule 12(b)(1) Motion to Dismiss</u>

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim. Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375,

---

[1] Plaintiff also alleges that he has an employment action pending against the United States concerning his termination from the FAA. Dkt. 1 at ¶ 2 at Sec. V (1)-(17).

REPORT AND RECOMMENDATION - 3

1  377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this

2  limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

3  jurisdiction." *Id*.

4       A motion to dismiss for lack of subject matter jurisdiction can attack the allegations

5  either facially or factually. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

6  2004). A moving party facially attacks the allegations by asserting "that the allegations contained

7  in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. The United States'

8  motion to dismiss is a facial attack.

9       In reviewing a facial attack, the court must accept all factual allegations in the complaint

10  as true. *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). Even when

11  accepting the truthfulness of the allegations however, "[t]he plaintiff in a lawsuit against the

12  United States must point to an unequivocal waiver of sovereign immunity" to sustain his burden

13  of demonstrating that subject matter jurisdiction exists. *Blue v. Widnall*, 162 F.3d 541, 544 (9th

14  Cir. 1998); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (plaintiff bears the

15  burden of showing that the United States has waived its sovereign immunity).

16  B.   <u>Subject Matter Jurisdiction Over Tort Claims Barred by the FTCA</u>

17       In general, the federal government, as a sovereign, is immune from suit except as it has

18  consented specifically to be sued. This immunity can only be waived by Congress, and any such

19  waivers must be strictly construed. *United States v. Orleans*, 425 U.S. 807, 814 (1976).

20       The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b), 2671-

21  2680. The FTCA provides that:

22      the district courts ... shall have exclusive jurisdiction of civil actions on
    claims against the United States, for money damages ... for personal injury

23      or death caused by the negligent or wrongful act or omission of any
    employee of the Government while acting within the scope of his office or

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In other words, the United States is immune from suit except as it has consented specifically to be sued, and the terms of such consent, as expressly set forth by statute, define the district court's subject matter jurisdiction. *See*, *e.g.*, *Franquez v. United States*, 604 F.2d 1239, 1243 (9th Cir. 1979). When immunity is not waived, the complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See*, *e.g.*, *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Here, Plaintiff asserts a claim of defamation pursuant to RCW § 4.36.120 and seeks monetary damages caused by the wrongful acts of Defendant Perez made while she was an FAA employee. Dkt. 1-1. This claim is controlled exclusively by the provisions of the FTCA. *United States v. Smith*, 499 U.S. 160, 166 (1991) (FTCA is "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability"). Under the FTCA, the only proper defendant for these claims is the United States, 28 U.S.C. § 2679. As previously noted, the United States filed a Notice of Partial Substitution, substituting the United States as the sole party defendant for Plaintiff's lawsuit for allegations for libel and slander arising from statements made while Defendant Perez was acting in the scope of her employment with the FAA. *See* Dkt. 2.

Plaintiff's defamation claim against the United States must therefore be dismissed for lack of subject matter jurisdiction because defamation is explicitly not actionable under the FTCA. Pursuant to 28 U.S.C. § 2680(h), the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . ." 28 U.S.C. § 2680(h)

1 (emphasis added). Each exception to the FTCA, including libel or slander which are both claims

2 of defamation, must be strictly construed in favor of the United States. *See Sheehan v. United*

3 *States*, 896 F.2d 1168, 1170 (1990) ("[there] is no justification for this Court [or any court] to

4 read exemptions into the [Federal Tort Claims] Act beyond those provided by Congress"). Based

5 on the statutory language, Plaintiff' claim of defamation falls clearly within the ambit of this

6 retention of sovereign immunity. *See Guidry v. Durkin*, 834 F.2d 1465, 1471 (9th Cir. 1987)

7 (defamation actions are expressly barred under FTCA); *Smalls v. United States*, 87 F.Supp.2d

8 1055, 1060 (D. Haw. 2000) (same).

9      Based on the foregoing, the undersigned recommends that Plaintiff's claims of libel and

10 slander against the United States be dismissed.

11 C.    Failure to Exhaust Administrative Remedies

12      To the extent Plaintiff argues his claim could be construed as something other than an

13 intentional tort, the United States contends Plaintiff's claims must still be dismissed as he has

14 failed to exhaust his administrative remedies. The undersigned agrees.

15      As a jurisdictional prerequisite, an FTCA action can only be instituted once an

16 administrative claim is denied, either actually or constructively by the agency's failure to act

17 upon the claim within six months. See 28 U.S.C. § 2675(a). Specifically, "[a]n action shall not be

18 instituted upon a claim against the United States for money damages for injury or loss of

19 property . . . caused by the negligent or wrongful act or omission of any employee of the

20 Government while acting within the scope of his office or employment, unless the claimant shall

21 have first presented the claim to the appropriate Federal agency and his claim shall have been

22 finally denied by the agency in writing and sent by certified or registered mail." *Id*. A claim is

23 deemed presented to an agency when a Standard Form 95 or other written notification of an

incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal agency. *See* 28 C.F.R. § 14.2.

Absent compliance with the jurisdictional requirement that an administrative claim first be presented to the appropriate federal agency, courts have no jurisdiction to entertain suits under the FTCA. *Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992) ("Presenting an FTCA claim to the appropriate governmental agency and having it denied is a jurisdictional prerequisite to filing a claim in the district court."); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that tort proceeding may not be commenced in court against the United States until claim conclusively denied or lapse of six months without action).

Thus, an FTCA action may not be maintained when the claimant fails to exhaust his administrative remedies prior to filing suit by presenting the claim first to the appropriate agency. In this case, a review of the FAA's computerized databases of administrative tort claims/SF-95s filed with the FAA, revealed that as of July 13, 2021, no administrative tort claims/SF-95 have been filed by Plaintiff. Dkt. 13, Declaration of Russell Christensen, at ¶¶ 5-6.[2]

Therefore, and to the extent Plaintiff contends his claim should be construed as something other than an intentional tort, the undisputed evidence establishes that Plaintiff failed to exhaust his administrative remedies as he has filed no administrative tort claim.

---

[2] In deciding a Rule 12(b)(1) motion, the court may consider materials beyond the pleadings when a defendant makes a factual challenge to subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Evidence that goes to the court's subject matter jurisdiction may be submitted and considered when deciding a Rule 12(b)(1) motion. *See Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (on a Rule 12(b)(1) motion, "proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion.").

1    Accordingly, this Court lacks subject matter jurisdiction over any such FTCA claim

2  against the United States and it would require dismissal.

3  D.    Dismissal Without Leave to Amend

4    "In general, a court should liberally allow a party to amend its pleading." *Atia v. United

5  States*, No. C14-1966-JLR, 2015 WL 1221505, at *2 (W.D. Wash. Mar. 17, 2015) (quoting

6  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir.

7  2013)). "Dismissal without leave to amend is proper, however, if any amendment would be

8  futile." *Atia*, 2015 WL 1221505, at *2 (citing *Sonoma Cnty. Ass'n of Retired Employees*, 708

9  F.3d at 1117).

10    Here, any amendment by Plaintiff would be futile as the FTCA also bars claims "arising

11  out of" intentional torts. See 28 U.S.C. § 2680(h). To the extent Plaintiff attempts to amend his

12  complaint to a claim of negligence, rather than an intentional tort, Plaintiff's claim for any

13  negligence still "arises out of" Defendant Perez's alleged intentional tort of defamation and is

14  therefore barred by section 2680(h). *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1206 (9th Cir.

15  1988) (affirming that a claim for negligent infliction of emotional distress is barred by section

16  2680(h) because the "essence of the claim is the spreading of slanderous statements").

17    Consequently, the Court will still lack jurisdiction even if Plaintiff files an administrative

18  claim with the agency. Accordingly, Plaintiff should be denied leave to amend.

19                                    CONCLUSION

20    For the foregoing reasons, the undersigned recommends that the Court enter an order

21  **GRANTING** Defendant United States' motion to dismiss (Dkt. 12) and dismissing this case

22  with prejudice, without leave to amend.

23

REPORT AND RECOMMENDATION - 8

<u>OBJECTIONS AND APPEAL</u>

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 14, 2021**. The Clerk should note the matter for **September 16, 2021**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 31st day of August, 2021.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9