UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, GINA PEREZ,<br><br>Defendants. | CASE NO. 2:21-cv-00876-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendant Gina Perez moves, pursuant to Rule 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Daniel Rhine's "Complaint for Tort – Libel and Slander" (Dkt. 1-1), for failure to state a claim upon which relief can be granted. Dkt. 11. Defendant sent a copy of her motion to Plaintiff by mail on July 14, 2021. *Id.*, p. 11. To date, Plaintiff has filed no response to the motion. Plaintiff's failure to file an opposition to the motion "may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(b)(2).

The undersigned recommends that Defendant Perez's motion to dismiss be GRANTED and all claims against her be dismissed with prejudice, without leave to amend.

## BACKGROUND

### A. Procedural History

Plaintiff filed his lawsuit against Defendant Gina Perez on March 3, 2021 in the Superior Court for the State of Washington, King County, Case No. 21-2-02912-1. Dkt. 1-1. On May 31, 2019, Ms. Perez, proceeding pro se, moved to dismiss the complaint. *Id.*

On June 29, 2021, the United States filed a notice of removal pursuant to 28 U.S.C. § 1442. Dkt. 1. The United States also filed a Notice of Partial Substitution pursuant to 28 U.S.C. § 2679(d)(2), substituting the United States as the party defendant as to Plaintiff's defamation claim sounding in tort arising during his employment with the Federal Aviation Administration ("FAA"), as set forth in 28 U.S.C. § 2679(b), in place of and instead of Defendant Perez. Dkt. 2.

Under separate Report and Recommendation, the undersigned has recommended that Plaintiff's claims against the United States (for libel and slander arising from statements made while Defendant Perez was acting within the scope of her employment with the FAA) be dismissed with prejudice, without leave to amend. Dkt. 16.

B. Plaintiff's Allegations

Plaintiff Daniel Rhine was employed by the FAA from 2010 – 2019. Dkt. 1-1 Sec. III, ¶ 1. During a portion of this time he was in a relationship with another FAA employee, Defendant Gina Perez, which ended in 2014. *Id*. at ¶ 2.

Plaintiff first became aware of "false and defamatory" statements made by Defendant Perez in October 2014, requested in writing that she desist, and she responded in writing to acknowledge his request. *Id.*, ¶ 3.

Defendant Perez claimed to the Bellevue Police Department that she was physically attacked and threatened at their home by Plaintiff. In February 2015, Defendant was made aware that the claim would not be pursued. *Id.*, ¶¶ 4, 5.

In subsequent months, Defendant Perez made "unprivileged false and defamatory remarks about the Plaintiff to [FAA] staff both within and outside of their shared professional environment. *Id.*, ¶ 6.

On October 1, 2015, Plaintiff filed an EEOC claim stating that Defendant Perez had created a hostile work environment. *Id.*, ¶ 7.

On October 16, 2015, Defendant Perez filed for a temporary restraining order against Plaintiff, claiming that he was an immediate physical threat. On November 12, 2015, the King County District Court ruled that there was no evidence of harassment and that Defendant's claim was in retaliation for Plaintiff's EEOC petition. *Id.*, ¶¶ 8, 9.

Between 2016 and 2018, staff at the [FAA] continued to be put under the impression by Defendant Perez's assertions that Plaintiff was a physical threat. *Id.*, ¶ 10.

On March 4, 2019, Defendant Perez again claimed to the FAA security personnel that Plaintiff was a physical threat. *Id.*, ¶ 11. The FAA began an investigation of Plaintiff on March 4, 2019 due to Plaintiff's "false and defamatory claims that constitute unprivileged communication." *Id.*, ¶ 12. The investigation revealed video evidence showing that Plaintiff was not a physical threat to Defendant Perez. *Id.*, ¶ 13.

On July 12, 2019, Defendant Perez continued initiating unprivileged communication with the ongoing investigator, outside the parameters of the investigation, asserting that Plaintiff was still a threat. *Id.*, ¶ 14.

On November 27, 2019, Plaintiff's employment with the FAA was terminated. *Id.*, ¶ 17. On July 8, 2020, Defendant Perez admitted under oath that she reported Plaintiff to FAA security on March 4, 2019 to prevent Plaintiff from filing another EEO claim. *Id.*, ¶ 19.

On December 1, 2020, Plaintiff filed an employment action pending against the United States concerning his termination from the FAA. Dkt. 1 at ¶ 2 at Sec. V (1)-(17). *See Daniel Rhine v. Pete Buttigieg, Secretary, Department of Transportation*, 2:20-cv-1761-RAJ (alleging discrimination and retaliation).

Plaintiff alleges that these actions by Defendant Perez constituted libel and slander under RCW § 4.36.120. *Id*. at Sec. IV, (1)-(2). Plaintiff seeks monetary damages for past and future medical expenses, past and future personal injuries and/or physical impairment, past and future loss of life and/or diminished quality of life, loss of employment, loss of earnings and benefits, loss of business, emotional distress, and diminished earning capacity. *Id*.

## DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or the "formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Apart from factual sufficiency, a complaint is also subject to dismissal where it lacks a cognizable legal theory, or where the allegations on their face "show that relief is barred" for some legal reason. *Balistreri*, 901 F.2d at 699; Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In determining whether to grant a motion to dismiss, the Court must accept as true all "well-pleaded factual allegations" in the complaint. *Iqbal*, 129 S.Ct. at 1950. The Court is not, however, required to accept as true "allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). Nor is the Court required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).

In general, the Court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in ruling on a Rule 12(b)(6) motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002). Also, the Court may take judicial notice of matters of public record. *See* Fed.R.Evid. 201; *Mack v. South Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986).

B. Statute of Limitations

Defendant Perez argues that any allegedly defamatory statements made prior to March 3, 2019 are time-barred as Plaintiff did not file his complaint until March 3, 2021. Dkt. 101. The Court agrees.

The statute of limitations for defamation claims in Washington is two years. RCW 4.16.100. Washington law, which governs the accrual date for these claims, follows the discovery rule. *1000 Virginia Ltd. P'ship v. Vertecs Corp*., 158 Wn.2d 566, 575–76 (2006). Under the discovery rule of accrual, the cause of action accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action. *Green v. A.P.C.*, 136 Wash.2d 87, 95, 960 P.2d 912 (1998). This does not mean that the action

accrues when the plaintiff learns that he or she has a legal cause of action; rather, the action accrues when the plaintiff discovers the salient facts underlying the elements of the cause of action. *Id*.

Plaintiff alleges that in 2015, he sought counseling and filed an EEO claim of a hostile work environment due to Defendant Perez's allegedly defamatory remarks. Dkt. 1-1, ¶¶ 6, 7. Thus, Plaintiff's alleged injury for any defamatory statements made by Defendant Perez prior to that time accrued, at the very least, by October 1, 2015, when he filed his EEO claim. Thus, any claims prior to this time are time-barred.

Plaintiff further alleges that "between 2016 and 2018, staff at the [FAA] continued to be put under impression by the Defendant's assertions that the Plaintiff was a physical threat…" and that he sought medical attention "due to the undue stress created by the Defendant's assertions." Dkt. 1-1, ¶ 10. Although this allegation is vague, Plaintiff alleges that he sought medical attention for the alleged defamatory assertions prior to the end of 2018 and therefore, his claim accrued at that time.[1]

Thus, the undersigned recommends that any claims related to allegedly defamatory statements made prior to March 3, 2019 are time-barred and should be dismissed with prejudice.

C. Defamation

Turning to the allegations in the Complaint which are not time-barred, the Court finds that Plaintiff has failed to state a claim.

Plaintiff brought his suit against Defendant Perez for "libel and slander." Dkt. 1-1, p. 4. While the common law distinguished between libel – written or printed defamatory words, and

[1] As to the remainder of the alleged defamatory remarks, Plaintiff's cause of action arguably accrued when the "FAA began an investigation of Plaintiff on March 4, 2019 due to Plaintiff's 'false and defamatory claims that constitute unprivileged communication.'"

slander – spoken defamatory words, Washington no longer distinguishes between libel and slander. Instead, Washington law recognizes a cause of action only for defamation. *See Life Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 341, 364 P.3d 129 (2015). The elements of a cause of action for defamation in Washington are (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages. *Herron v. KING Broadcasting Co*., 112 Wash.2d 762, 768, 776 P.2d 98 (1989). To establish the falsity element, the plaintiff must show the challenged statement was "provably false." *Schmalenberg v. Tacoma News, Inc*., 87 Wash.App. 579, 590–91, 943 P.2d 350 (1997). "Expressions of opinion are protected by the First Amendment" and are "not actionable." *Robel v. Roundup Corp*., 148 Wash.2d 35, 55, 59 P.3d 611 (2002) (quoting *Camer v. Seattle Post–Intelligencer*, 45 Wash.App. 29, 39, 723 P.2d 1195 (1986)).

Before the truth or falsity of an allegedly defamatory statement can be assessed, a plaintiff must prove that the words constituted a statement of fact, not an opinion. *Robel*, 148 Wn.2d at 55. This is a threshold question of law for the court. *Id*. A statement should then be examined in the totality of the circumstances in which it was made to determine whether the statement should be characterized as nonactionable opinion. *Dunlap v. Wayne*, 105 Wn.2d 529, 539 (1986); *Robel*, 148 Wn.2d at 56. "To determine whether a statement is nonactionable, a court should consider at least (1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts." *Id.*, 105 Wn.2d at 539; *Id.*, 148 Wn.2d at 56.

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ. P. 8(a)(2). A defamation claim satisfies the pleading standards of Rule 8 where the allegations identify the substance of the allegedly defamatory statements and the time and place in which they were made. *See Franchise Realty Interstate*

*Corp. v. S.F. Local Joint Executive Bd. Of Culinary Workers*, 542 F.2d 1076, 1085 (9th Cir.1976) (dismissing complaints that failed to identify content of allegedly false statements); *cf. Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir.2002) (plaintiff stated sufficient defamation claim where complaint "list [ed] the precise statements alleged to be false and defamatory, who made them and when."). *Accord, Harris v. City of Seattle*, 315 F.Supp.2d 1112, 1123-24 (W.D. Wash 2004).

Plaintiff alleges:

> 1. On March 4, 2019, Defendant Perez again claimed to the FAA security personnel that Plaintiff was a physical threat. Dkt. 1-1, ¶ 11. The FAA began an investigation of Plaintiff on March 4, 2019 due to Plaintiff's "false and defamatory claims that constitute unprivileged communication." *Id.*, ¶ 12.
>
> 2. On July 12, 2019, Defendant Perez continued initiating unprivileged communication with the ongoing investigator, outside the parameters of the investigation, asserting that Plaintiff was still a threat. *Id.*, ¶ 14.

At this stage in the proceeding, Plaintiff must allege facts that if true, would entitle him to a remedy for defamation. Plaintiff has not carried this burden and his defamation claim fails because Plaintiff does not identify with the requisite specificity what statements are defamatory and/or "unprivileged." Certainly, Plaintiff may dispute the charges made in the FAA investigation, but he cannot dispute that the investigation took place. In addition, to state a claim of defamation, Plaintiff must allege the words that were uttered or written by Defendant Perez. Here, Plaintiff has alleged only inferences or conclusions apparently based on what he believes Defendant Perez stated to FAA security personnel and to the FAA investigator. The Court is, therefore, unable to determine whether the "words" stated by Plaintiff constitute a statement of fact, not an opinion. *See*, *e.g.*, e.g., *Harris*, 315 F.Supp.2d at 1123–24 (dismissing plaintiff's defamation claim because "Plaintiff does not specify specific statements by these Defendants that were defamatory"); *Phillips v. World Publ'g Co*., 822 F.Supp.2d 1114, 1118

(W.D.Wash.2011) (dismissing defamation claim because "[n]owhere in the complaint has plaintiff alleged when or where such statements were made, or what statements were actually made by defendant," and concluding that "such scattershot and unsubstantiated allegations cannot withstand a motion to dismiss").

Plaintiff's failure to identify with the requisite specificity what statements are defamatory and/or "unprivileged" is sufficient ground to dismiss his defamation claim against Defendant Perez. For the reasons stated below, the Court recommends that the dismissal be with prejudice and without leave to amend.

D. Dismissal With Prejudice

"In general, a court should liberally allow a party to amend its pleading." *Atia v. United States*, No. C14-1966-JLR, 2015 WL 1221505, at *2 (W.D. Wash. Mar. 17, 2015) (quoting *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty*., 708 F.3d 1109, 1117 (9th Cir. 2013)). "Dismissal without leave to amend is proper, however, if any amendment would be futile." *Atia*, 2015 WL 1221505, at *2 (citing *Sonoma Cnty. Ass'n of Retired Employees*, 708 F.3d at 1117).

In this regard, the Court finds that any amendment by Plaintiff would be futile because a review of the communications made the basis of Plaintiff's Complaint reveals no defamatory language. The emails are attached to Defendant Perez's Affidavit dated April 6, 2021, filed in support of her opposition to Plaintiff's Complaint:

> Saturday, March 2, 2019 at 10:50:00 AM, from Gina Perez to Jason Thompson (FAA):
>
> It's Saturday; I'm here to grab my computer. While here, I walked down to the 5th floor kitchenette to warm my coffee. Mr. Rhine, for reasons unknown, is in the refrigerator *on the 5th floor* rifling through bags in the fridge. He said something, but I turned and hustled back to AGC's locked suite out of panic. All of it is on record with the guards.

> Friday, July 12, 2019 at 9:23:00 AM, from Gina Perez to Jill Lund, Special Agent Internal Investigations Division (FAA):
>
> Jill: Something happened last night, and I don't know whether to be concerned or what to do.
>
> My hair dresser, who is also a close friend and husband of another employee here at the FAA, called me. He says he had a new customer last week, who – almost immediately upon sitting down – started crying about an ex-boyfriend who just "dumped her." The ex is Dan Rhine. She continued to tell him how Dan blames the entire breakup on the "investigation at work" and how the "investigation is based on lies spread by his ex." She is now asking my hair dresser if I am a liar and if he knows anything about all of it, and about how she's trying to find me. This is crazy uncomfortable, and I am increasingly become even more scared (if that is possible). There are no coincidences.

See, Dkt. 1, 3-1, Ex. A; Ex. 1 at p. 41; Ex. 2 at pp. 46-47.

Plaintiff's defamation claim against Defendant Perez is based on two communications initiated by Defendant Perez – the first to security personnel at the FAA and the second, to the FAA investigator. Because the exhibits are referred to and relied upon by the Plaintiff, the Court treats these documents as part of the Complaint. [2] Upon review, the Court concludes that the statements are nonactionable.

First, Plaintiff does not state in either communication that Plaintiff was "a physical threat." In the first email, Defendant Perez is reciting events witnessed by her. Its intended recipient is the Special Agent for Internal Investigations in charge of investigating suspicious activity. In the second email, Defendant Perez is reciting statements related to her by her hairdresser. Plaintiff states that she is uncomfortable and becoming more scared. Its intended recipient is the Special Agent for Internal Investigations handling the investigation of Plaintiff.

---

[2] "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in ruling on a Rule 12(b)(6) motion. *Branch*, 14 F.3d at 453-454.

Second, in both emails Plaintiff is reciting facts and expressing her fear. Plaintiff's expressions of fear are opinions, which are not actionable as defamation. *See Robel*, 148 Wn.2d at 55. Plaintiff does not allege that the facts contained in the emails are false. Instead, in his Complaint, Plaintiff relies purely on inferences based on stated facts, which is impermissible. *See Sisley v Seattle Pub. Scho.*, 180 Wn.App. 83, 87, 321 P.3d 276 (2014) (Sisley II) (finding, a defamation claim may not be based on the negative implication of true statements

Third, the emails are addressed to FAA security and special agents charged with investigating workplace activities who can judge the truthfulness of the statements. Moreover, even if any part of the emails can be considered slanderous, they are more than likely entitled to a qualified privilege. Because Defendant Perez was reporting her concerns about Plaintiff to the very agents who are charged with investigating suspicious activity, the agents have a common interest in the subject and are reasonably entitled to know the information. *See Pate v. Tyee Motor Inn, Inc.*, 77 Wn.2d 819, 820-21 (1970) ("A privileged communication involves the occasion where an otherwise slanderous statement is shared with a third person who has a common interest in the subject and is reasonably entitled to know the information."). *See also*, Dkt. 16 (Report and Recommendation, recommending that Plaintiff's claims against the United States (for libel and slander arising from statements made while Defendant Perez was acting within the scope of her employment with the FAA) be dismissed with prejudice, without leave to amend).

Finally, the Court notes that although Plaintiff had notice and ample time, he failed to file any opposition to the motion to dismiss. Accordingly, the undersigned recommends that a dismissal with prejudice of Plaintiff's claims against Defendant Perez is appropriate.

CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court enter an order **GRANTING** Defendant Gina Perez's motion to dismiss (Dkt. 11) and dismissing this case with prejudice, without leave to amend.

OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 20, 2021**. The Clerk should note the matter for **September 22, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 2nd day of September, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge